By the Court.—Curtis, Ch. J.
The action is brought to foreclose a mortgage. The answer admits the making of the bond and mortgage, and sets up that they were made to Emma R. Wessa, to enable her to borrow money thereon, and without any consideration whatever, and that the plaintiff knew these facts at the time of the assignment fco him.
The answer also alleges that Mrs. Wessa assigned the bond and mortgage to the plaintiff as security for a sum loaned and advanced by the plaintiff to Mrs. Wessa, and which sum was less than their face, and claims that the transaction was usurious.
There is no evidence that the plaintiff had any knowledge or notice of these facts alleged by the defendants in respect to the mortgage, at, the time of the assignment to him. His attention was called to this mortgage by his attorney, to whom the broker of the *34 mortgagee applied to sell the mortgage. The plaintiff took the usual steps and precautions, that any purchaser o£ a security of this nature takes. His attorney examined the title to the property, and made inquiries about the mortgage. The mortgagee’s broker told him that the consideration for the mortgage was money advanced by the mortgagee for building the house upon the premises described in the mortgage. This statement was confirmed by Fischer and wife, the mortgagors, when the plaintiff’s attorney inquired of them about it. They assured him it was made for value, and gave him a certificate stating, among other things, that they knew “ of no offset or defense, legal or equitable, to said bond and mortgage.” The price the plaintiff paid for the purchase of the security, which was thus put upon the market, may have been, for anything that appears in the case, greater or less than its value. But, however this may have been, the mortgagors cannot be sustained in their position that they misrepresented the matter, and, after having fraudulently and in collusion with the mortgagee induced the plaintiff to part -with his money, that they are now at liberty to show that the security was without consideration, and that it is usurious, and thus defraud him.
The evidence does not sustain the claim of the mortgagors, that the mortgage was without consideration ; for one of them admits in the course of his cross-examination that the mortgagee’s agent had advanced money to pay for work on the house on the mortgaged premises, and that the mortgage was given to pay for it, which statement is confirmed by the testimony of the other mortgagor, that she signed the mortgage because she supposed it would be used for the house.
The allegation of the defendants, that Mrs. Wessa assigned the security to the plaintiff to secure a loan made by him to her, fails of proof. The transaction *35 between her and the plaintiff was simply a purchase, for a certain sum, of the security in question.
The claim of the mortgagors, to be exonerated from the effect of the representation that the mortgage was made for value, and from the statements in the certificate given at the same interview, in consequence, of their imperfect acquaintance with the English language, is difficult to sustain. The evidence shows they had as good or a better knowledge of the English language than most Germans who have been for the ' same long period of years in this country. The one read the certificate to the other, in the presence of the plaintiff’s attorney, and both told him that they understood it. There is no fraud or bad faith alleged against the plaintiff. They had the fullest opportunity to enlighten themselves as to its- effect, and if they omitted to do so under the circumstances here shown, the law gives them no special immunity or privilege to avoid an obligation thus incurred, or to accomplish a wrong.
The plaintiff excepted to the ruling of the court, excluding the question, as to whether he purchased the mortgage relying on that certificate. The plaintiff should have been permitted to show that he bought the mortgage in good faith, relying upon the certificate (Dinkelspiel v. Franklin, Supreme Ct. General Term, First Dept., not yet reported). It is the right of the plaintiff to show that he believed and relied on the facts stated in the certificate, and acted upon such reliance, in order to show that good faith, and conscientious course and equity, upon which the doctrine of an estoppel in pais rests (Wilcox v. Howell, 44 N. Y. 402 ; Eitel v. Braken, 38 N. Y. Super. Ct. 7). The plaintiff in this case had the same right to testify concerning these matters, as any other person called as a witness. The plaintiff, when recalled, testified without objection, *36 that before he paid the money, he relied upon what was told him about the mortgage.
If these views are correct, the judgment cannot be upheld, and it should be reversed and a new trial granted with costs to abide the event.
Speir, J., concurred.